**SAUITUFUGA of Nua, UTU of Ofu, LAUMAU MOEOLO of Ofu, TAKE SUNIA of Pavaiai, FENUNUIVAO FAOA of Ofu, ROPATI SUEUGA of Pago Pago, TAMAALEVEA of Tau, PITA MALAE of Ofu, MALAETIA TUFELE of Ofu, FAAILI of Ofu, Plaintiffs**

v.

**TAUSULU of Ofu, Defendant**

No. 7-1951

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Misa" of Ofu]

May 3, 1951

---

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and LETULIGASENOA, *District Judge.*

DECISION

The High Court convened at Ofu March 5, 6, 7, 8, 9, 1951. Tali for Tausulu; Meauta for Sauitufuga; Solosolo for Fenunuivao; Save for Malaetia; Atofau for Faaili, Galoia for Take; Viavia for Ropati; Mailo for Tamaalevea; Utu *pro se.*

MORROW, *Chief Justice.*

The right to the succession to the matai name Misa of Ofu is to be determined in this proceeding. Tausulu filed his

605

application with the Registrar of Titles on December 12, 1949 to be registered as the Misa. Objections to the proposed registration were made by Sauitufuga of Nua, Laumau Moeolo of Ofu, Take Sunia of Pavaiai, Fenunuivao Faoa of Ofu, Ropati Sueuga of Pago Pago, Tamaalevea of Tau, Pita Malae of Ofu, Malaetia Tufele of Ofu and Faaili of Ofu, each of the objectors becoming a candidate for the title. Laumau Moeolo withdrew his objection on August 14, 1950 and ceased to be a candidate. When the hearing began on March 5, 1951 at Ofu, Tufele, a member of the family, requested the court to grant a postponement for a day in order that the family might hold fonos and agree upon a holder of the title. This request, concurred in by the candidates and other members of the family, was granted.

No progress being made by the family in selecting a Misa during the postponement, the hearing was resumed on Tuesday morning March 6. During the course of the morning Pita Malae, Utu, and Tamaalevea (acting by his representative Mailo) respectively moved to withdraw their names as candidates which motions were granted by the court. The court then proceeded with the hearing with seven candidates before it.

Sec. 926 of the Code as amended provides that:

"No person not having all the following qualifications shall be eligible to succeed to any matai title:

(a) Must be at least one-half Samoan blood;

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title;

(c) Must live with Samoans as a Samoan;

(d) Must be a descendant of a Samoan family and chosen by his family for the title;

(e) Must have been born on American soil except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa, (2) but temporarily residing outside of American Samoa, or engaged in foreign travel at date of birth of such child, and (3)

whose matai at any time within 13 years after the birth aforementioned files with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American Samoa and desires such child to be an inhabitant of American Samoa."

Candidate Take Sunia testified that he was born in Upolu, Western Samoa. He admitted that he had not been registered by his matai at any time within 13 years after his birth as an inhabitant of American Samoa. He produced an affidavit subscribed and sworn to by his father and mother and dated January 31, 1949 to the effect that he was born in 1926. It is obvious that such affidavit was not a registration as an inhabitant of American Samoa as required by Sec. 926(e) of the Code. Upon his own testimony the court ruled that he was not eligible to succeed to the matai title Misa and dismissed him as a candidate. Candidate Ropati testified that he left American Samoa for the United States on November 5, 1946 and that he did not return to American Samoa until some time in June 1947. The court ruled that he did not comply with Sec. 926(b) of the Code and dismissed him as a candidate, since it was obvious that he had not "resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title or before he becomes eligible for the title; ..."

The evidence showed that each of the other five candidates, viz. Tausulu, Fenunuivao, Malaetia, Faaili and Sauitufuga met all the requirements of Sec. 926 and is therefore eligible for registration as the holder of a matai name.

Sec. 933 of the Code provides as follows:

"In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The wish of the majority or plurality of the family;

(b) The forcefulness, character, personality and capacity for leadership of the candidate;

(c) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(d) The value of the holder of the matai name to the Government of American Samoa."

Each candidate filed with the court a petition purporting to be signed by those members of the Misa family favoring his candidacy. There were 505 names on Sauitufuga's, 184 on Fenunuivao's, 163 on Malaetia's, 205 on Faaili's and 257 on Tausulu's. Sauitufuga testified that all 505 of the signers on his petition were members of the Misa family. Malaetia objected to 103 names on Sauitufuga's petition claiming that they were not Misa family members. Fenunuivao objected to 120 names on Sauitufuga's petition. Faaili objected to 100. Tausulu objected to 267. By objecting to only 103 Malaetia thereby admitted by implication that the other 402 signers on Sauitufuga's petition were members of the family. Since Malaetia himself had only 163 signers on his own petition he thereby admitted that more members of the family favored Sauitufuga to be the matai than favored Malaetia. Fenunuivao objected to 138 names on Sauitufuga's petition claiming that 120 were not family members and that the signatures of 18 were forgeries. She thereby admitted by implication that the other 367 of Sauitufuga's signers were members of the family and their signatures genuine. Since there were only 184 signers on Fenunuivao's petition it followed that she admitted that more members of the Misa family favored Sauitufuga to be the Misa than favored her. Faaili objected to 100 on Sauitufuga's petition claiming they were not family members. He thereby admitted by implication that the other 405 signers were members of the family. Since there were only 205 signers on Faaili's petition it followed that Faaili has admitted that more members of the Misa family want Sauitufuga to be the matai than want him.

Tausulu objected to 267 names on Sauitufuga's petition thereby admitting that 238 of them were members of the Misa family and their signatures genuine. Tausulu had 257 signers on his petition. We think from the evidence that when Tausulu said that 267 on Sauitufuga's petition were not members of the family he merely meant that he did not know whether all the 267 were members or not, and therefore objected to them. Lack of knowledge as to whether a man is a member of the family is an entirely different thing from positive knowledge that he is not. It is very obvious that if Malaetia's testimony to the effect that 103 on Sauitufuga's petition were not members was correct then Tausulu's direct testimony that 267 were not is wrong; and likewise if Fenunuivao's testimony to the effect that 120 on Sauitufuga's petition were not members of the family was correct than [sic] Tausulu's testimony is likewise incorrect. And again if Faaili's testimony to the effect that only 100 members on Sauitufuga's petition were not members of the family, Tausulu's claim that 267 were not is likewise wrong. Suiaunoa, a member of the Misa family, testified that all 505 signers on Sauitufuga's petition were members of the family. Sauitufuga claimed that 6 on Tausulu's petition were under the age of 14 years and the petition shows it to be the case. Obviously those 6 cannot be counted. *Faaloloi Magaea v. Foloi Leatisua*, No. 19-1950 (Am. Samoa). Sauitufuga also claims that 18 on Tausulu's petition were not members of the family and that the signatures of 17 others were forged. Fenunuivao testified that 128 of the 257 signers on Tausulu's petition were not members of the family. Malaetia objected to 27 signatures on Tausulu's petition claiming that they were forged. He also objected to 4 others claiming that they were under age. Faaili objected to 112 on Tausulu's list claiming that they were not members of the family. If we are to give proper weight to Sauitufuga's, Faaili's, Malae-

tia's, Siaunoa's and Fenunuivao's testimony, we must conclude that there are less than 238 genuine signatures of family members on Tausulu's petition. Since Tausulu has admitted that 238 of the signatures on Sauitufuga's petition are members of the family and each of the other candidates has admitted that more than 238 are members, our conclusion is, and we so find, that a plurality of the Misa family desire Sauitufuga to be its matai. He therefore prevails over Faaili, Malaetia, Fenunuivao and Tausulu on the first issue.

We shall now consider the second issue. Candidate Tausulu completed 6 grades in the Marist Brothers School. He speaks broken English. He has worked on family lands. During the war he worked in an electric power plant in Tutuila. Later he worked for Public Works in a lumber yard. He also worked as a stevedore. He has a small store in Ofu from which he makes a profit of $20.00 to $30.00 per month. He receives some money as a gift from his brothers in the Service in the U.S. He also testified that he made about $300.00 a year from cutting copra.

Candidate Sauitufuga graduated from the 8th grade in the Marist Brothers School. He speaks English quite well. He works in the cold storage department of Public Works taking care of food. He has held this job for about $11\frac{1}{2}$ years. Prior to that time he worked for 5 years as a storekeeper for Burns Philp South Seas Co. He lived in Ofu until he was 15 years of age. He has had experience as an electrician and machinist. He has held a matai title since February 11, 1948. No member of his matai family has been convicted of any crime since he became its matai, due largely to his good influence. His salary is $112.80 a month. He has about $20.00 a month income from his plantations.

Candidate Fenunuivao completed the 6th grade in the public schools. She also took the nurses' training course at

the Samoan Hospital and graduated therefrom. She then had 7 years' experience as a nurse in the public health department. She speaks English fairly well. She quit nursing upon her marriage to Faoa. She has four children and occupies her time now as a housewife although she sometimes works in the plantations and also weaves mats. She testified that she received from $50.00 to $70.00 a year from the sale of mats, $50.00 from the sale of tapacloth and $40.00 to $50.00 a year from copra. She sends oranges, breadfruit and fish to Tutuila and sells them, her income from this source being just a few dollars a month.

Candidate Malaetia graduated from the Marist Brothers School completing the 9th grade. While attending the school he also had religious instruction after school hours. He speaks English very well. He worked as a clerk in the Department of Public Works for a little more than 2 years. He also worked as a crane operator for Public Works for about 8 months; and he worked as a clerk in the Department of Samoan Industry for 2 years. He has worked for almost 2 years as a clerk in the legislative office. He runs a typewriter. He testified that he had fought in the ring. He receives $55.00 a month as legislative clerk. Some members of the family make gifts to him. He has some plantations from which he receives income aggregating about $50.00 a year.

Candidate Faaili finished the 6th grade. He speaks English brokenly. He has lived in the Misa family in Ofu since he left school. He has plantations. He is a policeman for County Chief Faoa for which service he receives $3.90 a month. He testified that he had an income of $100.00 a month from the sale of copra when it is high in price, $75.00 a month when it is low. He has a little store from which he makes, according to his testimony, about $20.00 a month profit. He sells cava [sic], yams, chickens, mats from which, according to his testimony, he receives about $25.00 a month.

The court had an opportunity to observe the personality of the foregoing five candidates during the course of the hearing. It is our conclusion based upon the evidence and our observations that Sauitufuga prevails over Tausulu, Fenunuivao, Malaetia and Faaili on the issue of forcefulness, personality, character and capacity for leadership and we so find.

We shall now consider the issue of hereditary right. Tausulu is the grandson of Misa Poto. He has one-fourth Misa blood in his veins. There was testimony to the effect that Sauitufuga's grandfather was Misa Palaita. Also that Misa Palaita instead of being his grandfather was his great grandfather. We believe that the evidence preponderates in favor of the view that Misa Palaita was the grandfather of Sauitufuga instead of his great grandfather. Upon our view of the weight of the evidence we find that Sauitufuga has one fourth Misa blood in his veins. Fenunuivao is the blood daughter of Misa Vaiva the last holder of the title. She has one-half Misa blood in her veins. Malaetia is the grandson of Misa Iosefa through his (Malaetia's) father. From this source he has one fourth Misa blood in his veins. Through his mother he is the great-great-great-great-great-grandson of Misa Teleuli Velega. Through this source he has one one-hundred-twenty-eighths Misa blood in his veins. Adding the one fourth and the one one-hundred-twenty-eighths we find that he has thirty-three one-hundred-twenty-eighths Misa blood in his veins. Faaili is the great-great-grandson of Misa Logogo and has one sixteenth Misa blood in his veins. It is obvious that Fenunuivao prevails over the other four candidates on the issue of hereditary right.

We shall now consider the issue of the value of the candidate to the government. We have said in many prior cases that the principal value to the government of a matai depends upon the skill with which he handles the affairs of

612

his family. That in turn necessarily depends primarily upon his forcefulness, personality, character and capacity for leadership. Both these statements are so obviously true that they need no argument to support them. We have weighed the evidence with respect to all the five remaining candidates and we conclude that Sauitufuga will be of the most value to the government as the holder of the Misa title.

Since we find that Sauitufuga prevails over the other four candidates on the first, second and fourth issues it is our duty under the law to award to him the Misa title.

Sauitufuga lives in Nua. During the course of the hearing he informed the court that if he should be awarded the title he would make his home in Ofu which is the headquarters of the Misa family. We think that we should point out to Sauitufuga the portion of Sec. 934 of the Code which provides:

"Whenever a matai shall live away from his family for a period of six months or more, unless engaged in the performance of the duties of a public officer under the Government of American Samoa, or shall otherwise neglect to perform the duties of his office of matai, his County Chief and District Governor shall investigate the matter and report the same to the Governor of American Samoa with their recommendations as to whether or not the matai should be removed, and the Governor of American Samoa may, in his discretion, remove the said matai upon the recommendation of the County Chief and the District Governor of the County and District respectively in which the family of the matai resides."

Pursuant to our findings upon the four issues before us, it is ORDERED, ADJUDGED and DECREED that Sauitufuga shall be registered as the holder of the matai title Misa upon his filing with the Registrar of Titles his resignation from the matai title Sauitufuga, which he now holds, within 30 days from the date of this decree. The Registrar of Titles will be advised of this decree. Sauitufuga's resignation from his present title is necessary, since

the same person cannot hold two matai titles at the same time. *Kosi et al. v. Viliamu,* No. 77-1948 (Am. Samoa); *Aufata v. Falemalu,* No. 95-1948 (Am. Samoa).

Costs in the amount of $7.50 are hereby assessed against each of the following: Utu, Take Sunia, Tamaalevea and Ropati Sueuga. Costs in the amount of $16.25 are hereby assessed against each of the following: Tausulu, Fenunuivao, Malaetia and Faaili. All of the foregoing costs are to be paid within 30 days.

Costs in the sum of $7.50 are also assessed against Pita Malae, now serving in the Armed Forces of the United States in the Pacific Area. Said Pita Malae is to have 120 days after the end of the Korean war within which to pay such last mentioned costs.